Michele Iannotti, et al. ⎫
   vs.    ⎬ Eq. No. 495.
Herbert A. Spears, et al. ⎭

### DECISION.

February 29, 1932.

CARPENTER, J. The complainants, Michele Iannotti and Pasqualina Iannotti, brought in this Court a bill of complaint against Herbert A. Spears and Olga C. Spears, respondents, to prevent said respondents from building a garage on or interfering in any way with the rights of the complainants in and to a certain strip of land over which the complainants claim a right of way.

It appeared from the evidence that one Joseph H. Cushing was the common ancestor in title of all the parties to this case; that said Cushing laid out and platted a strip of land situated in the Town of Coventry—said plat is known as the Joseph H. Cushing Plat, dated October 29th, 1892, and is recorded in said Coventry in Plat Book Number 1 on Page 3,—; that on said plat between lots 2 and 3 a thirty-foot strip of land was laid out and designated as a street; that Joseph H. Cushing conveyed a strip or parcel of land adjoining the land included in the Cushing Plat, so-called, together with a right of way over the thirty-foot strip set out and designated as a street on said Plat, lying between lots 2 and 3 on said Plat, Quidnick Greenhouses, Inc. Quidnick Greenhouses, Inc., gave a mortgage to Cushing on the same land, together with right of way in question. The mortgage apparently was given in part payment for the land. The mortgage is dated May 20th, 1916, and is recorded in Coventry, R. I., Registry of Deeds, Book No. 7, Page 661.

Later Mr. Cushing deceased and lots

2 and 3 on said plat, together with the fee of land over which the right of way passed, were devised to Mary E. Cushing, who on May 10th, 1920, conveyed said lots numbered 2 and 3 and fee in the right of way to Quidnick Greenhouses, Inc. This conveyance placed the title to the dominant and servient estates in the Quidnick Greenhouses, Inc., although the dominant estate was subject to a mortgage which included the easement or right of way.

The Quidnick Greenhouses, Inc., defaulted on its mortgage above mentioned and the property was sold at foreclosure sale. The notice of mortgagee's sale included the right of way in the description of the property to be sold. At the auction the complainants were the highest bidders and the mortgaged property, together with or including the right of way, was conveyed by mortgagee's deed to the complainants. The mortgage and mortgagee's deed are among the exhibits in this case.

The respondents argue that the title to the dominant and servient estates having become vested at the same time in Quidnick Greenhouses, Inc., extinguished the right of way or easement.

This Court cannot agree that the title to the dominant estate and the title to the servient estate merged in the manner contemplated by law to extinguish easements. The dominant estate was subject to a mortgage which included the easement at the time the dominant estate and the servient estate were in the same person. The complainants secured their title to the dominant estate through and by the foreclosure sale of the property, and therefore this Court is of the opinion that the complainants have a right of way as described in the mortgage deed and also described in the mortgagee's deed.

This Court also finds from the evidence and circumstances surrounding the situation that the right of way had not been abandoned. The right of way had been laid out and delineated on a plat which had been recorded and also the right of way had been included in a conveyance to the complainants. It is true that the right of way had not been used to any great extent but no intention has been shown which would indicate an abandonment.

Therefore, this Court feels that the right has not been extinguished either by merger or by abandonment.

The relief prayed for in the bill of complaint is granted.

For complainants: Quinn, Kernan & Quinn.

For respondents: George Roche.